UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

BRIAN KEITH KELLY,  )
                    )
    Petitioner,     )
                    )
v.                  )    Case No. CV409-136
                    )
WARDEN STEVE ROBERTS, )
                    )
    Respondent.     )

## REPORT AND RECOMMENDATION

Brian Keith Kelly, currently incarcerated at Washington State Prison in Davisboro, Georgia, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1.) Respondent has moved to dismiss the petition as having been untimely filed. (Doc. 9.) For the reasons explained below, respondent's motion should be **GRANTED** and the petition should be **DISMISSED**.

---

[1] Kelly contends that he is challenging the judgment of the Supreme Court of Georgia, apparently for denying his certificate of probable cause to appeal the denial of his state habeas petition. (Doc. 1 at 1.) He lists the date of the judgment as September 8, 2009, precisely one year after the Supreme Court of Georgia denied his certificate of probable cause to appeal. (Doc. 12-6 at 1.) He raises only trial court errors, however, so it is clear that he is in fact challenging the underlying state conviction and sentence. (*Id.* at 5-10.)

The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). Of the four occurrences listed in § 2244(d)(1) as sufficient to start the limitations period, the only one applicable here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Georgia, "a notice of appeal shall be filed within 30 days after entry of appealable decision or judgment complained of." O.C.G.A. § 5-6-38. In other words, the time for seeking direct review expires 30 days after the entry of judgment. If a notice of appeal is not filed in that 30 day window, the judgment is thereafter "final" under § 2244.

Here, petitioner was sentenced on May 11, 2006. (Doc. 1 at 1; doc. 12-3 at 47.) Since he did not pursue a direct appeal, his one-year limitation period began to run on June 12, 2006.[2] Petitioner

---

[2] The thirtieth day after the sentencing and conviction fell on Saturday, June

2

submitted his state habeas petition for filing on April 12, 2007, which was 304 days after his conviction became final. (Doc. 12-2 at 5.) Although the state habeas action tolled the one-year federal limitations period, 28 U.S.C. § 2244(d)(2), it did not reset it. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). That is, the delay in filing the initial state habeas petition is counted in determining petitioner's compliance with AEDPA's one-year limitations period.

The state habeas petition tolled the limitations period until the Supreme Court of Georgia denied his application for certificate of probable cause to appeal it on September 8, 2008. (Doc. 12-6 at 1.) Thereafter, petitioner allowed another 346 days to elapse by waiting to file his federal habeas petition until August 20, 2009. (Doc. 1 at 14.) In total, Kelly allowed 650 days to elapse before filing his federal habeas petition. Consequently, this petition is untimely; it was filed

---

10, 2006. Accordingly, Kelly had until Monday, June 12, 2006, to file his notice of appeal.

nearly a year outside of AEDPA's 365-day limitations period.[3]

For all of the reasons explained above, respondent's motion to dismiss (doc. 9) should be **GRANTED** and this case should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED** this  2nd  day of November, 2009.

s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Kelly filed a motion for reconsideration in the Supreme Court of Georgia on August 16, 2009. (Doc. 1 at 3.) That motion, however, has no effect on the limitations period. The limitations period is tolled for the "time during which a *properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, not every post-conviction motion will toll the limitations period. In the § 2255 context, the Eleventh Circuit has held that as a motion for reconsideration of the United States Supreme Court's denial of a petition for certiorari review "does not affect the disposition of [the] case in the Supreme Court," there is "no reason why such a motion would toll the time for filing a § 2255 motion." *Drury v. United States*, 507 F.3d 1295, 1297 (11th Cir. 2007). Similarly, then, the same rule must apply to a motion to reconsider filed with the Supreme Court of Georgia.

Nor, for that matter, do other types of post-conviction motions toll § 2255's one-year period for filing a § 2255 motion. *See, e.g., Trenkler v. United States*, 268 F.3d 16, 22 (1st Cir. 2001) (§ 2255 movant not entitled to equitable tolling for the period his Fed. R. Crim. P. 33 motion was pending). "Courts treat section 2254 and 2255 petitions similarly insofar as the limitations period is concerned." *Jackson v. Walker*, 2008 WL 4202418 at *2 (M.D.Ga. Sept.5, 2008) (unpublished); *see also United States v. Bendolph*, 409 F.3d 155, 164 (3rd Cir. 2005) ("[B]ecause there exist sound reasons to approach the AEDPA limitations period the same under §§ 2254 and 2255, and because to do so is faithful with both Congress's intent and our habeas jurisprudence," decisions in the context of one section will also apply in claims brought under the other section.) Thus, Kelly's motion had no tolling effect.

4